George **KILARJIAN**, Plaintiff-Appellee,

v.

Stephen **HORVATH**, Frank Horvath and Joseph Horvath, d/b/a Horvath Bros. Trucking Company, and Robert F. McKnight, Defendants-Appellants.

No. 393, Docket 31101.

United States Court of Appeals
Second Circuit.

Argued April 4, 1967.

Decided June 27, 1967.

Harry Ruderman, New York City, for plaintiff-appellee.

Robert E. Curran, New York City, (Kevin D. Moloney and Michels, Gangel & Walton, New York City, on the brief), for defendants-appellants.

Before WATERMAN, FRIENDLY and ANDERSON, Circuit Judges.

PER CURIAM:

This is an appeal from a jury verdict awarding the appellee $30,149.45 damages for personal injuries and property damage sustained on December 27, 1961, when appellants' truck struck the rear of appellee's automobile, which had come to a stop in heavy traffic. Liability was conceded during the trial, and the main issue on appeal is whether the trial judge committed reversible error by excluding certain evidence offered by the appellants to negate the appellee's claim that, as a result of the accident, he developed pains in his head and neck, which during the next three years extended to his left arm and shoulder, accompanied by swelling and a reduced sensory perception in his left hand. The appellee's medical experts testified that the shock of the collision had produced what is known as a nerve root irritation in the appellee's neck, which progressively worsened and the prolonged existence of which affected his left arm. The ap-

pellants argue, however, that because the appellee sought nothing more than conservative medical treatment, i. e., heat and exercise, for this condition until April of 1964, he did not in fact develop the condition until then—long after the collision—and that therefore it was not proximately caused by the accident. They assert further that what the appellee was actually suffering from in April, 1964, and thereafter was a "conversion reaction", a psychiatric term meaning the "transformation of an emotion into physical manifestations," [1] stemming from the appellee's anxieties about his year and a half separation from his wife and children and his frustrated desire to marry his secretary with whom he had meanwhile been living.

The only evidence to support this theory offered by the appellants was the report of a neurological examination of the appellee, made at the Presbyterian Hospital in New York City, in which the examining physician had diagnosed appellee's symptoms as "probably conversion reaction" and the cross-examination of one of appellee's medical witnesses, Dr. Kaplan, who conceded that a diagnosis that appellee's neck pains represented a conversion might be justified. But Dr. Kaplan pointed out that the report did not state to what the diagnosis related and he stressed that, while it could apply to the neck pains it could only be a partial diagnosis because it would not be sufficient to "explain the total clinical picture." Because the trial judge refused to admit into evidence the portions of the psychiatric report which stated that the appellee had been living with his secretary and intended to marry her, as "they would be

too prejudicial and they don't really help you much," the appellants claim they were prevented from demonstrating that appellee's symptoms were the result of such difficulties, even though the court admitted the rest of the report and the appellants were free to put in evidence of his separation from his family and other emotional problems, but they did not.

 It is always within the competence of the trial judge to exclude evidence, otherwise admissible, when he is convinced that it will create a danger of prejudice which outweighs its probative value. Reynolds v. Pegler, 223 F.2d 429, 435 (2 Cir. 1955). An appellate court will reverse such a determination only for abuse of discretion. Great American Insurance Company v. Horab, 309 F.2d 262, 265 (8 Cir. 1962); Utah State Farm Bureau Federation v. National Farmers Union Service Corp., 198 F.2d 20, 24, 33 A.L.R.2d 1186 (10 Cir. 1952); Uniform Rules of Evidence, Rule 45(b); ALI, Model Code of Evidence, Rule 303(1) (b) (1942); McCormick, Evidence § 152 at pp. 319–320 (1954). We find no abuse of discretion here.

 With regard to the appellants' claim that the judge committed error by permitting the case to be presented to the jury on the theory that, even if appellee's symptoms were the result of a conversion reaction, they could still be causually related to the collision, it is without merit because the record shows that there was sufficient evidence [2] from which the jury could make a determination on that issue.

The judgment below is affirmed.

---

1. Stedman, Medical Dictionary 352 (20th ed. 1961).

2. In addition to Dr. Kaplan's testimony concerning conversion reaction, Dr. Leass testified that when he examined the appellee on April 4, 1964 he found " * * *

not only did he have this constant pain [from irritation and damage to the spinal nerve], but he was developing emotional problems which, because of this pain and symptoms were making him increasingly nervous and more emotionally involved."