**Angel CRUZ, Plaintiff-Appellant,**

v.

**UNITED STATES LINES COMPANY,**
**Defendant-Respondent.**

**No. 201, Docket 31473.**

United States Court of Appeals
Second Circuit.

Argued Nov. 28, 1967.

Decided Dec. 12, 1967.

Harry A. Ezratty, New York City (Rolnick, Ezratty & Huttner, New York City, on the brief), for plaintiff-appellant.

Robert P. Hart, New York City (Robert C. Mirone, and Kirlin, Campbell & Keating, New York City, on the brief), for defendant-respondent.

Before MOORE, SMITH and HAYS, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Appeal from defendant's judgment on jury verdict in the United States District Court for the Southern District of New York, John F. X. McGohey, Judge, in seaman's personal injury Jones Act and maritime action. We find no error and affirm the judgment.

Appellant, Angel Cruz, was employed in the galley aboard the S.S. United States, a ship owned and operated by the appellee, the United States Lines Company. In November of 1961, while the ship was at sea, off the coast of Britain, Cruz suffered an occlusion of the femoral artery

in his left leg. Efforts to save the leg by the ship's medical staff in conjunction with doctors who were passengers aboard the vessel failed. The leg was amputated a short time after the ship's return to New York harbor. Approximately a year and one half later, a similar condition developed in Cruz's other leg. After extensive treatment for one month, at the Staten Island Public Health Service Hospital, the second leg was also amputated.

Cruz instituted suit in the district court contending that the United States Lines had been negligent, and, in addition, had failed to provide a seaworthy vessel. The negligence allegation was premised on the United States Lines' failure to turn back to port or otherwise obtain adequate and prompt medical assistance. The unseaworthiness contention was bottomed on United States Lines' failure to provide adequate medical facilities aboard the S.S. United States. The original complaint sought compensation for the loss of both of Cruz's legs. At the beginning of trial, Cruz withdrew his claim for the loss of the second leg. Cruz contends that the district court erred when it refused to admit into evidence the *entire* hospital record concerning the amputation of his second leg. Under the circumstances the ruling was entirely justified.

Cruz attempted to introduce the entire hospital record of the hospitalization at the time of the amputation of the second leg in order to refute the United States Lines' contention that Cruz had generalized arteriosclerosis and that no action by the shipowner could have saved his first leg. The trial judge made it clear that he would allow Cruz to submit any relevant evidence to the jury, but that he could not allow the entire hospital record to be put into evidence unless the appellant laid a proper foundation for its submission. The trial judge stated that he would admit the hospital record, or any portion of it, if Cruz either introduced testimony of his own witnesses to explain it, or used the hospital record in the cross-examination of the appellee's experts. In fact, the trial judge did admit

a portion of the hospital record, an arteriogram, for which the appellant had laid a proper foundation.

■ The trial judge has wide discretion in determining that evidence may not be submitted to the jury because it is confusing or prejudicial. Kilarjian v. Horvath, 379 F.2d 547 (2 Cir. 1967); Reynolds v. Pegler, 223 F.2d 429, 435 (2 Cir. 1955), cert. denied 350 U.S. 846, 76 S.Ct. 80, 100 L.Ed. 754 (1955); cf. Thompson v. Lillehei, 273 F.2d 376, 384 (8 Cir. 1959) (hospital records). The problems of confusion and prejudice become particularly acute when the evidence sought to be admitted concerned, as it did in this case, an injury for which the plaintiff has conceded that he no longer seeks compensation.

■ Cruz contends that the court erred in refusing to admit the hospital report, not only because it was generally admissible but also since that record was determined to be admissible in the pre-trial order. The argument is not well taken under the circumstances here. A pre-trial order is not a straitjacket. "It is a fundamental principle of pre-trial that this procedure be flexible, with power reserved to the trial judge to * * * permit a departure from strict adherence to the pre-trial statements of either party, when the interests of justice make such a course desirable." Clark v. Pennsylvania RR Co., 328 F.2d 591, 594 (2 Cir.), cert. denied 377 U.S. 1006, 84 S.Ct. 1943, 12 L.Ed.2d 1054 (1964); see also Scott v. Spanjer Bros., Inc., 298 F.2d 928, 95 A.L.R.2d 383 (2 Cir. 1962). Rule 16, F.R.Civ.P., 28 U.S.C.; 3 Moore Federal Practice, 2d ed. ¶16.20. Of course, modification of a pre-trial order may be reviewed for abuse of discretion. Kilarjian v. Horvath, supra. But there is clearly no abuse of discretion where the modification of the pre-trial order is itself the natural result of the appellant's modification of his legal position. In this case, at the time of the pre-trial order, Cruz was seeking compensation for the loss of both of his legs; at the time the court refused to admit the hospital report on the *second* leg except as por-

tions were specifically identified as relevant, Cruz was seeking compensation for the loss of his *first* leg only. There is not shown here even an arguable abuse of the court's discretion.

The judgment is affirmed.