**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert Paul NEMETH, Defendant-
Appellant.**

**No. 20024.**

United States Court of Appeals,
Sixth Circuit.

Aug. 18, 1970.

Charles E. Peyton (Court Appointed)
Louisville, Ky., for appellant on brief.

John L. Smith, U. S. Atty., Louisville,
Ky., for appellee on brief.

Before WEICK, CELEBREZZE and
PECK, Circuit Judges.

PER CURIAM.

Appellant was observed by two Louisville police officers outside a Louisville bank at 2:15 a. m. on February 10, 1969. The officers testified that as they approached appellant he was standing beside the bank's night deposit box and that as soon as he saw them, he made a motion as though he were throwing something away and began walking rapidly away from the bank. After questioning appellant about his actions and his reason for being in the area at that time of

night and receiving vague and unsatisfactory answers, the police arrested appellant on loitering and disorderly conduct charges. Subsequent investigation at the bank disclosed that $750 was missing from the night deposit box, and an envelope scoop device bearing appellant's fingerprint was found inside the night deposit box. Appellant was then indicted, tried and convicted by a jury of violation of 18 U.S.C. § 2113(b), larceny of a federally insured bank. This appeal followed.

Appellant did not take the witness stand or offer any evidence in his defense at the trial. The government's case against him consisted principally of the circumstances of his arrest, of the fact that $750 was missing from the bank's night deposit box, and of the fact that appellant's fingerprint was on the envelope device found inside the night deposit box. The government's final witness was an FBI agent who, after testifying that he was familiar with the method of committing larceny of bank night deposit boxes by the use of wires and envelope scoop devices, testified that appellant had a prior conviction of the same offense with which he was charged in this case. All of the pertinent testimony on this point is contained in the following:

"Q. [By the U. S. Att'y.] Mr. Domalewski, [FBI Agent] are you familiar with the defendant, Robert Paul Nemeth?

"A. Yes, I am.

"Q. And how long have you been familiar with him, sir?

"A. I have had knowledge of Robert Paul Nemeth for approximately five years.

"Q. And in what way?

"A. Mr. Nemeth was first brought to my attention in connection with activity of which I had an interest.

"Q. All right; has he been convicted before?

"Mr. Peyton: [Defense Counsel] Objection, Your Honor.

"By the Court: Overruled.

"Mr. Peyton: Move that the jury be discharged.

"By the Court: Overruled. I will give the jury an admonition at the right time.

"Q. Has Mr. Nemeth been convicted under the same statute before, using that same kind of device?

"A. Yes, sir; he has."

Although the trial judge immediately instructed the jury in substance that evidence of a prior conviction could not be considered as evidence of guilt of the offense charged, the testimony, and the manner in which it was presented, was so prejudicial that appellant's conviction must be reversed and a new trial ordered.

The general rule is that evidence of prior criminal activity is inadmissible to prove the commission of a later offense. The only exceptions to that rule are that when intent, motive or lack of mistake are in issue, evidence of prior similar and related offenses tending to show a consistent pattern of conduct is admissible if accompanied by appropriate cautionary instructions. *E. g.*, Nye & Nissen v. United States, 336 U.S. 613, 618, 69 S.Ct. 766, 93 L.Ed. 919 (1949); Gilstrap v. United States, 389 F.2d 6, 9–10 (5th Cir. 1968); Zamora v. United States, 369 F.2d 855, 858–859 (10th Cir. 1966), cert. denied, 386 U.S. 913, 87 S.Ct. 863, 17 L.Ed.2d 785 (1967); United States v. Kirkpatrick, 361 F.2d 866, 868 (6th Cir. 1966); Kowalchuk v. United States, 176 F.2d 873, 878 (6th Cir. 1949). Furthermore, in order to show a consistent pattern of conduct relating to the offense charged, the evidence must be of prior similar acts reasonably near in time to the offense charged. Gilstrap v. United States, *supra;* Whaley v. United States, 324 F.2d 356, 358 (9th Cir. 1963), cert. denied, 376 U.S. 911, 84 S.Ct. 665, 11 L.Ed.2d 609 (1964).

Here there was no showing where or by what means the appellant committed the prior act, nor was it shown to be related in point of time or otherwise to the offense charged. From all that appears in this testimony, appellant had one prior conviction for the same offense. Presumably this was within the five year period prior to his trial in this case, although even this is not clear. If such is an accurate reflection of the record, even proper evidence of facts concerning a prior offense would be inadmissible as too remote in time. Finally, the manner in which the evidence was presented to the jury was particularly objectionable since the only thing stressed in the instruction to the jury was the agent's hearsay statement that appellant had a prior *conviction* of the same offense. Evidence of this fact even if properly documented, would clearly be inadmissible where the defendant does not testify and his character is not otherwise in issue. Boyd v. United States, 142 U.S. 450, 12 S.Ct. 292, 35 L. Ed. 1077 (1892); United States v. Rudolph, 403 F.2d 805, 807 (6th Cir. 1968).

Since the substance and the presentation of the evidence here was clearly inadmissible and prejudicial, the trial judge's cautionary instruction immediately following the agent's testimony cannot be held to have cured the error. As stated above, properly authenticated evidence of prior offenses is admissible only if accompanied by appropriate instructions. However, otherwise proper cautionary instructions cannot supply the first element of the exceptions to the general rule, *i. e.*, authenticated evidence of prior similar offenses tending to show a consistent pattern of conduct.

The remaining issues raised by appellant are either without merit or consideration of them is unnecessary in light of the disposition of this case.

The judgment of the District Court is reversed and the case is remanded with instructions to grant the appellant a new trial.