UNITED STATES of America, Appellee,

v.

Stanley A. PARTYKA, Appellant.

No. 76–1529.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 15, 1976.

Decided Nov. 10, 1976.

Ronald I. Meshbesher, Minneapolis, Minn., for appellant; John P. Clifford, Minneapolis, Minn., on the brief.

Ann D. Montgomery, Asst. U.S. Atty., Minneapolis, Minn., for appellee; Robert G. Renner, U.S. Atty., Minneapolis, Minn., on the brief.

Before VAN OOSTERHOUT, Senior Circuit Judge, and HEANEY and BRIGHT, Circuit Judges.

BRIGHT, Circuit Judge.

Stanley A. Partyka appeals from his conviction upon a jury trial of possession of 4,414 tablets of phencyclidine, a Schedule III controlled substance, in violation of 21 U.S.C. § 841(a)(1). He raises two claims on appeal: 1) that the trial court erred in refusing him information concerning the identity of the informer, and 2) that the trial court erred in admitting testimony of the appellant's prior conviction for a similar drug offense. For reasons stated below, we reverse the conviction.

We summarize the factual background. On December 23, 1975, agents of the Drug Enforcement Administration stopped appellant while he was driving his automobile. The agents were acting on information supplied by a confidential informant, and had obtained a search warrant for appellant's person and vehicle on December 22, 1975. Appellant was searched, and one-half ounce of marijuana was found in his left front pants pocket. The agents then searched the trunk of appellant's car and discovered a paper bag containing two plastic bags which held 4,414 tablets of phencyclidine hydrochloride. Appellant disclaimed any knowledge of the tablets. Partyka subsequently was indicted for possession of phencyclidine with intent to distribute. The jury convicted Partyka of the lesser offense of simple possession.

During the course of the trial appellant contended that the phencyclidine found in the trunk of his car could have been placed there by someone else. The defense presented testimony that Calvin Faircloth had used appellant's car in December of 1975. Partyka knew that Faircloth was incarcerated at the Federal Correctional Institution at Sandstone, Minnesota, and may have surmised that Faircloth was the Government's informer. At trial, during cross-examination of Agent Boulger of the Drug Enforcement Administration, the court sustained the Government's objection to a question directed to Agent Boulger by the defendant: "[W]ho was the person that told you they had observed pills in that trunk?"

Again, when Agent Boulger was recalled by the defense solely to ask if Calvin Faircloth was the person who had told him he had seen the pills in the defendant's car, the court upheld Agent Boulger's refusal to answer.

■ In arguing the admissibility of this testimony, appellant invokes the rule announced in *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). Roviaro was convicted for violating the Narcotic Drugs Import and Export Act. On appeal, the Supreme Court held that the trial court "committed reversible error when it allowed the Government to refuse to disclose the identity of an undercover employee who had taken a material part in bringing about the possession of certain drugs by the accused, had been present with the accused at the occurrence of the alleged crime, and might be a material witness as to whether the accused knowingly transported the drugs as charged." 353 U.S. 55, 77 S.Ct. at 625. The *Roviaro* rule does not apply here. The appellant knew the identity of the witness, Faircloth, and had decided not to call him.

■ However, a second consideration is more pertinent. In light of the defendant's claim and defense that someone else may have put the drugs in the trunk of his car, and the implication that this "someone" was Faircloth, it was relevant to know whether Faircloth had participated in any arrangements of any kind with the Government regarding this prosecution. The purpose of the question was not to find a witness, but to support the defendant's inference that Faircloth, in addition to using the car, might have had a motive to give a false report to government agents in order to obtain more lenient treatment in connec-

tion with a narcotics prosecution pending against Faircloth. The question did not call for a hearsay answer but only whether Faircloth had given the government agent relevant information. The evidence was relevant, the evidence was material, and the Government was not protected from disclosing this matter under the privilege afforded to the Government by *Roviaro.*

The introduction of evidence of the appellant's prior criminal conduct two years earlier is questionable. During the course of the trial, witness Lockridge, a Drug Enforcement Agent in Colorado, was permitted to testify that he had participated in the arrest of appellant in Colorado on February 23, 1973, in which 500 pounds of marijuana was seized. As a result appellant eventually pled guilty to one count of conspiracy to possess narcotics.

■ We need not reach the question of whether that testimony was prejudicial and should have been excluded on the charge of possession of phencyclidine with intent to distribute. Because a retrial is necessary on the lesser included charge of possession upon which the jury convicted Partyka, the district court may wish to reexamine its ruling on the admissibility of testimony concerning the Colorado offense. The issue remaining on retrial is whether the defendant had placed the questioned drugs in the trunk of his car. A prior conviction for possession of a large amount of narcotics obviously to be used for distribution bears questionable relevance to a possession without intent to distribute. The prejudicial effect of such testimony, under the circumstances, might very well outweigh the reasons advanced for its admissibility, such as to show motive or intent. *See* Fed.R.Evid. 404(b) and advisory committee's note.

We grant a new trial on the first issue and, accordingly, reverse the conviction and remand to the district court for further proceedings.