**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 7, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CHRISTOPHER LEE-CLARK,

Defendant-Appellant.

No. 07-3124
(D.C. No. 06-CR-10216-MLB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **BALDOCK**, and **EBEL**, Circuit Judges.

Christopher Lee-Clark appeals his convictions for being a felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and for possession

of a stolen firearm, in violation of 18 U.S.C. § 922(j).  Exercising jurisdiction

under 28 U.S.C. § 1291, we affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.

Count One of the indictment charged Mr. Lee-Clark with being a felon in possession of two firearms, a Colt .38 revolver and a High Standard .22 Derringer. Under Count Two he was charged with possessing a stolen firearm–the Colt .38 revolver.[1]

At trial, witness Matthew Somers testified that he put his Colt .38 revolver and its holster in a locked tool box in the bed of his pick-up truck on April 1, 2006. The next day he noticed that the toolbox lid was open, the lock was damaged, and his gun and holster were gone. On April 1 and 2, his truck had been parked at his current residence, on West 36th Street in Hays, Kansas. Mr. Somers testified that at that time he also had approximately 300 shells of .22 caliber Remington long rifle ammunition in a cardboard box inside his tool box. When he discovered that his .38 revolver was missing on April 2, he noticed that the ammunition box was still in the tool box, but he did not look inside it. Several months later, in October 2006, Mr. Somers cleaned out his tool box before selling his truck and found that the ammunition box was empty. He testified that he had not used any of the .22 caliber shells between April 2, 2006, and when he discovered the ammunition box was empty in October. He did not

---

[1] An additional count charged Mr. Lee-Clark with possession of cocaine under 21 U.S.C. § 844. He does not challenge his conviction on that count.

testify regarding any subsequent thefts from his tool box between April and October. Mr. Somers positively identified Government's Exhibits 1 and 8 as his Colt .38 revolver and holster. He identified Government's Exhibit 5 as .22 caliber Remington long rifle shells, which he said were the same type of ammunition he had in his tool box. Mr. Somers testified that he was acquainted with Mr. Lee-Clark, who was a friend of his former roommate. He said that the defendant had been a social visitor at his former apartment on 8th Street in Hays, Kansas, on approximately ten occasions prior to April 2006.

On April 8, 2006, six days after Mr. Somers discovered that his gun and holster had been stolen, two police officers responded to a disturbance at a bus stop outside of a convenience store in Hays, Kansas. When Lieutenant Scheibler arrived at that location, he observed Officer Anderson, Mr. Lee-Clark, and the bus driver standing outside of a parked bus. As Lieutenant Scheibler approached, the defendant picked up some luggage and began walking away from the store and bus stop area. At that point, Officer Anderson instructed him to return and speak to Lieutenant Scheibler. Mr. Lee-Clark came back, put his luggage back on the ground outside of the store, and entered the store. Officer Anderson testified that the defendant told him that the bags outside the store belonged to him. Lieutenant Scheibler arrested Mr. Lee-Clark inside the store, and Officer Anderson transported him to the police station.

After arresting Mr. Lee-Clark, Lieutenant Scheibler transported his bags to the police station. Both police officers stated that the defendant had two bags–one was a musical instrument case and the other was a soft-sided duffle bag. Lieutenant Scheibler testified that he had no doubt that the bags he picked up outside the store were the same bags Mr. Lee-Clark had left there. Neither officer saw any other luggage or people in the area, other than the bus driver, and Officer Anderson testified that he had kept an eye on the bags while he was inside the store.

The officers testified that they found two guns, a holster, and .22 caliber ammunition inside the duffle bag. They stated more specifically that they found Government's Exhibits 1 and 8 (Mr. Somers' Colt .38 revolver and holster) inside that bag. They also found Government's Exhibits 2 and 5 in the duffle bag. They identified Exhibit 2 as a High Standard brand Derringer .22 magnum caliber pistol. Lieutenant Scheibler identified Exhibit 5 as approximately 250 rounds of .22 caliber long rifle ammunition in a plastic bag. Finally, they also found several items inside the duffle bag with Mr. Lee-Clark's name on them.

Following his arrest, the defendant was interviewed by a police department investigator. He stated that he had gotten the Colt .38 handgun (Exhibit 1) from an address close to the college campus on April 6, 2006. He stated further that he picked up the .22 caliber Derringer handgun (Exhibit 2) in a crawl space at an apartment complex. The address he gave for that apartment complex was across

the street from Mr. Somers' residence, where Mr. Somers' truck was parked when someone broke into his tool box and stole his Colt .38 revolver. Mr. Lee-Clark did not make any statement regarding the .22 caliber ammunition found in the duffel bag.

An agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (BATFE) testified that he test fired Exhibits 1 and 2 and that they were both operational firearms. He also testified that Exhibit 5 consisted of 337 Remington .22 caliber long rifle rounds of ammunition. Another agent with BATFE testified that Exhibits 1 and 2 were both manufactured in Connecticut, concluding that they had traveled in interstate commerce. Mr. Lee-Clark stipulated that he had previously been convicted of a felony. The jury found him guilty on Counts One and Two.

## II.

Mr. Lee-Clark makes four claims of error on appeal: (1) the statutes underlying his convictions on Counts One and Two are unconstitutional to the extent that they regulate solely intrastate possession of a firearm; (2) the district court erred in admitting irrelevant evidence of .22 caliber ammunition, and in giving a jury instruction on that evidence that differed from his proposed jury instruction; (3) the district court erred in giving an instruction on recently stolen property with regard to the ammunition evidence; and (4) there was insufficient

evidence to support the jury's verdict on the charge of possessing a stolen firearm.

**A.**

Mr. Lee-Clark contends that 18 U.S.C. §§ 922(g)(1) and 922(j)–the bases of Counts One and Two, respectively–exceed Congress's constitutional authority to regulate interstate commerce. Specifically, he argues that Congress lacks the authority to criminalize the intrastate possession of a firearm when the firearm's only connection with interstate commerce was that it crossed state lines at some point in the past. He concedes that this issue is governed by the Supreme Court's decision in *Scarborough v. United States*, 431 U.S. 563 (1977), as applied by this court in *United States v. Patton*, 451 F.3d 615 (10th Cir. 2006), *cert. denied*, 127 S. Ct. 1247 (2007). He raises this issue only to preserve it in the event the Supreme Court or this court issues a decision which alters the current rule.

In *Patton*, we applied the Supreme Court's implicit holding in *Scarborough* "that Congress may regulate any firearm that has ever traversed state lines." 451 F.3d at 634. We acknowledged "considerable tension" between *Scarborough* and later Supreme Court cases, including *United States v. Lopez*, 514 U.S. 549 (1995). *Patton*, 451 F.3d at 636. In *Lopez*, the Court held that 18 U.S.C. § 922(q), which criminalized possession of firearms in school zones, exceeded Congress's authority to regulate interstate commerce. 514 U.S. at 551. But we concluded in *Patton* that the holding in *Scarborough* survived *Lopez*, as acknowledged by our post-*Lopez* decisions. *Patton*, 451 F.3d at 636. Our prior

-6-

decisions are controlling. "We cannot overrule the judgment of another panel of this court. We are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court." *In re Smith*, 10 F.3d 723, 724 (10th Cir. 1993).

Nonetheless, Mr. Lee-Clark urges us to apply the "constitutional doubt" doctrine of *Jones v. United States*, 529 U.S. 848 (2000), whereby a statute susceptible to two constructions should be interpreted to avoid "grave and doubtful constitutional questions." 529 U.S. at 857 (quotation omitted). He suggests that we should apply this doctrine to "require a greater 'nexus' to interstate commerce than the mere fact that the pistols were manufactured outside of the state of possession." Aplt. Br. at 22. Mr. Lee-Clark misapprehends the doctrine of constitutional doubt, which "does not trump the principle of stare decisis. If a precedent of the Supreme Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to the Court the prerogative of overruling its own decisions." *United States v. Grisel*, 488 F.3d 844, 847 (9th Cir.) (en banc) (quotation and brackets omitted), *cert. denied*, 128 S. Ct. 425 (2007).

**B.**

Mr. Lee-Clark next argues that the district court erred in admitting the evidence related to .22 caliber ammunition and in giving an instruction to the jury

on that evidence. Following the government's opening statement, in which the prosecutor referred to the ammunition missing from Mr. Somers' tool box and the ammunition found in the defendant's duffle bag, Mr. Lee-Clark objected to the admission of that evidence on relevance grounds. The district court acknowledged the government's inability to establish directly that the .22 caliber rounds found in the duffle bag were the same rounds that Mr. Somers' had in his tool box, but the court concluded that the evidence would be relevant assuming that a witness could place ammunition in the tool box with the .38 revolver that was stolen. In that event, the court ruled that the ammunition evidence fell within the definition of res gestae, which literally means "[t]hings done." Black's Law Dictionary 1173 (5th ed. 1979). The court ultimately instructed the jury as follows with respect to the ammunition evidence:

> There is evidence that .22 caliber ammunition was found in a duffel bag along with the .38 caliber Colt revolver.
> You are instructed that you may consider this evidence only for the purpose of establishing defendant's knowledge, if any, that the .38 caliber Colt revolver was stolen, as charged in Count 2.

R., Vol. I, Doc. 29, Instruction No. 14.[2]

We review a district court's admission of evidence for an abuse of discretion. *See United States v. Condrin*, 473 F.3d 1283, 1285 (10th Cir.),

---

[2] Instead of this instruction, Mr. Lee-Clark asked the district court to instruct the jury that the ammunition evidence was not relevant and direct them to disregard it.

*cert. denied*, 127 S. Ct. 2925 (2007). "Under Federal Rule of Evidence 401, evidence is relevant if it tends to make a material fact 'more probable or less probable than it would be without the evidence.'" *Id.* at 1285 (quoting Fed. R. Evid. 401).

> As for materiality, under Rule 401 a fact is of consequence when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict. As for the degree of probative value required under Rule 401, the rule sets the bar very low. The rule establishes that even a minimal degree of probability-i.e., any tendency-that the asserted fact exists is sufficient to find the proffered evidence relevant.

*United States v. McVeigh*, 153 F.3d 1166, 1190 (10th Cir. 1998) (quotations and citations omitted).

Mr. Lee-Clark argues that the ammunition evidence was not relevant because there was no connection between the bullets found in his duffle bag and the bullets missing from Mr. Somers' tool box, other than the fact that all of the shells were the same caliber. We disagree. The government's theory of the case was that the defendant stole the Colt .38 revolver, the holster, and the .22 caliber shells from Mr. Somers' tool box at the same time. It presented circumstantial evidence supporting that inference: the testimony showing that the bullets in the tool box and in Mr. Lee-Clark's duffle bag were all .22 caliber Remington long rifle shells; the comparable number of shells that Mr. Somers estimated were in his tool box before the gun was stolen and those found in the duffle bag; and

Mr. Somers' testimony that he had not used any of the .22 caliber shells from the time that he learned that his gun had been stolen until he discovered that the ammunition box was empty several months later, further supporting the inference that the shells were taken at the same time as the gun. Again, based upon the government's theory of the case, evidence of Mr. Lee-Clark's possession of ammunition stolen at the same time as the Colt .38 revolver was relevant to his knowledge that the gun was stolen, and we conclude that the district court did not abuse its discretion in admitting the ammunition evidence.

In light of that conclusion, we also reject Mr. Lee-Clark's contention that the district court erred in instructing the jury that they could consider the ammunition evidence "only for the purpose of establishing defendant's knowledge, if any, that the .38 caliber Colt revolver was stolen." R., Vol. I, Doc. 29, Instruction No. 14. "We review a district court's decision to give a particular jury instruction for an abuse of discretion . . . ." *United States v. Gwathney*, 465 F.3d 1133, 1142 (10th Cir. 2006). Mr. Lee-Clark asserts that this instruction "virtually direct[ed] the jury to associate the .22 bullets with the .38 revolver despite the lack of evidence of any connection." Aplt. Br. at 11. But as we have noted, the ammunition evidence was relevant to his knowledge that the Colt .38 revolver was stolen, and therefore this instruction appropriately limited the jury's consideration of the evidence to that issue.

Moreover, we also agree with the district court that the ammunition evidence was properly admitted as part of the res gestae. We have stated that "[e]vidence of other crimes should not be suppressed when those facts come in as *res gestae*–as part and parcel of the proof of the offense charged in the indictment." *United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995) (quotation and brackets omitted). We have also held that "other acts" evidence is admissible when it is "so linked together in point of time and circumstances with the crime charged that it is part of the res gestae of the crime charged." *United States v. Cook*, 745 F.2d 1311, 1317 (10th Cir. 1984) (quotations omitted). Here, the evidence of the ammunition missing from the tool box, and a similar amount of the same kind and caliber of ammunition found in Mr. Lee-Clark's duffle bag, tended to "complete the story of the crime" based upon the government's theory of the case. *Id*. (quotation omitted).[3]

---

[3] Mr. Lee-Clark also asserts that the ammunition evidence should have been excluded under Fed. R. Evid. 403 because its probative value was far outweighed by its prejudicial effect. "Unfair prejudice in the Rule 403 context 'means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001) (quoting Fed. R. Evid. 403 advisory committee's note). Mr. Lee-Clark fails to provide any argument in support of this contention or identify any unfair prejudice resulting from the admission of the evidence.

## C.

Mr. Lee-Clark next contends that the district court erred in giving the jury

an instruction on recently stolen property,[4] as that instruction applied to the

ammunition evidence.  He argues that the district court should have expressly

limited the application of that instruction to the Colt .38 revolver, and by failing

---

[4]     The district court instructed the jury as follows:

>        Possession of recently stolen property, if not satisfactorily explained, is ordinarily a circumstance from which a jury may reasonably draw an inference and find, in the light of the surrounding circumstances shown by the evidence and in the case, that the person in possession knew the property had been stolen.
>        You are not, however, required to draw this inference.  It is the exclusive province of the jury to determine whether the facts and circumstances shown by the evidence in this case warrant any inference that the law permits the jury to draw from the possession of recently stolen property.
>        The term "recently" is a relative term, and has no fixed meaning.  Whether property may be considered as recently stolen depends upon the nature of the property, and all the facts and circumstances shown by the evidence in the case.  The longer the period of time since the theft, the more doubtful becomes the inference that may reasonably be drawn from unexplained possession.
>        In considering whether possession of recently stolen property has been satisfactorily explained, you are reminded that, in the exercise of his constitutional rights, the accused need not take the witness stand and testify on his own behalf.
>        Remember that the burden of proof is on the government to prove beyond a reasonable doubt that the defendant committed the crime charged.
>        Possession may be satisfactorily explained, of course, by looking to other circumstances or evidence.

R., Vol. I, Doc. 29, Instruction No. 13.

-12-

to do so, the jury was permitted to infer the defendant's knowledge that the ammunition found in his bag was also stolen property. He asserts that the instruction was given in error with respect to the ammunition because it was not discovered missing until six months after the Colt .38 revolver was stolen.

As Mr. Lee-Clark fails to acknowledge until his reply brief, he did not raise this issue in the district court. While he did object to the recently-stolen-property instruction as it applied to the Colt .38 revolver, he does not raise that issue on appeal. And his objection was not sufficient to preserve his argument regarding application of the instruction to the ammunition evidence. *See United States v. Bornfield*, 184 F.3d 1144, 1146 n.2 (10th Cir. 1999) (holding generalized objection to instruction insufficient; party must "state distinctly the matter to which that party objects and the grounds of the objection" (quotation and brackets omitted)). Therefore, we review the district court's instruction only for plain error. *See United States v. Torres-Laranega*, 476 F.3d 1148, 1154 (10th Cir.), *cert. denied*, 128 S. Ct. 176 (2007). Mr. Lee-Clark "must show that the district court not only committed error, but that such error was plainly evident; that it affected his substantial rights; and that it seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *Id*. This is a "high standard" to satisfy. *Id.*

Mr. Lee-Clark's arguments of error regarding the recently-stolen-property instruction echo his contentions that we have previously considered regarding the

relevance of the ammunition evidence.  He advances one argument we will address specifically:  that a recently-stolen-property instruction was not appropriate where there was a six-month delay in discovering the theft and the property is not unique.  For this proposition he relies on *United States v. Tisdale*, 647 F.2d 91, 93 (10th Cir. 1981).  But *Tisdale* addressed a different issue: whether a sixteen-month interval between the date of theft and the first evidence of possession of unique stolen property by defendants was too long to permit giving an instruction permitting an inference of knowledge that the property was stolen.  *See id.*  Here, despite Mr. Somers' discovery that the ammunition was missing from his tool box several months after his gun was stolen, we have concluded that there was circumstantial evidence supporting an inference that the ammunition was stolen at the same time as the Colt .38 revolver–which was only six days before the defendant was arrested with that gun and .22 caliber ammunition in his possession.

It is evident that the district court and the parties intended the recently-stolen-property instruction to apply only to the Colt .38 revolver–the specific stolen property that Mr. Lee-Clark was charged with knowingly possessing.  Indeed, he only objected to the instruction as it related to that property.  But even if the jury applied the instruction to the ammunition as well, Mr. Lee-Clark has failed to identify any error, much less plain error, affecting

-14-

both his substantial rights and the fairness, integrity, or public reputation of the judicial proceedings.

**D.**

Mr. Lee-Clark's final argument is that the evidence was insufficient to establish, in support of his conviction on Count Two, that he knew or had reasonable cause to know that the Colt .38 revolver was stolen. "We review de novo whether the government presented sufficient evidence to support a conviction. In so doing, we view the facts in evidence in the light most favorable to the government." *United States v. Sells*, 477 F.3d 1226, 1235 (10th Cir. 2007). In support of his argument, Mr. Lee-Clark merely reviews the evidence in the light most favorable *to him.* We conclude that "a reasonable jury could find guilt beyond a reasonable doubt, based on the direct and circumstantial evidence, together with the reasonable inferences to be drawn therefrom." *Id.*

**III.**

The judgment of the district court is affirmed.

Entered for the Court

David M. Ebel
Circuit Judge