FILED
United States Court of Appeals
Tenth Circuit

March 5, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ALONZO WILLIAMSON,

      Defendant-Appellant.

No. 08-2050
(District of New Mexico)
(D.C. No. 1:07-cr-01333-JP)

**ORDER AND JUDGMENT**[*]

Before **LUCERO,** Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **McCONNELL**, Circuit Judge.

On April 19, 2007, Alonzo Williamson, also known as Alonzo Clemons-Williamson (the defendant), was charged in the United States District Court for the District of New Mexico with being a felon in possession of a firearm and with being a felon in possession of two rounds of ammunition in violation of 18 U.S.C. §§ 922 (g)(1) and 924 (a)(2). The defendant pled not guilty and, after a jury trial, the jury convicted him of being a felon in possession of a firearm, but acquitted

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

him on the charge of being a felon in possession of ammunition. The presentence report set defendant's offense level at 26, and his criminal history category at VI, with a resultant guideline range of imprisonment for 120 to 150 months. At sentencing, the District Court granted defendant's request for a variance and sentenced him to imprisonment for 108 months. Defendant now appeals his conviction and sentence.

Evidence adduced at trial disclosed that a local police officer in Farmington, New Mexico, while on patrol, recognized the defendant walking through his apartment complex parking lot and followed him by car into a store parking lot next to the apartment building, and knew that there was an outstanding warrant for his arrest. The officer exited his car, confronted the defendant in the store parking lot, and told him he was under arrest. As he did so, the defendant fled on foot and in the process discarded his backpack. He was soon apprehended hiding in some nearby bushes. A search of the backpack revealed a .38 caliber automatic pistol and two .22 caliber bullets in a shaving kit. Also found in the backpack were digital scales, some small baggies, and a pink iPod containing drugs.

At trial, defendant testified in his own behalf and stated that he and his girlfriend had been living in the apartment building adjacent to the parking lot where he was accosted by the police. He went on to state that he and his girlfriend had just had an argument, and, as he was hurriedly leaving their apartment, he grabbed his backpack, in which he had his shaving kit. Defendant testified that he

did not know that his girlfriend had placed a pistol and ammunition in his shaving kit which, as stated, were in his backpack. His girlfriend testified as a defense witness and stated that they had just had a fight, and that she had placed the firearm and ammunition, which belonged to her, in the shaving kit which was later found in defendant's backpack.

On appeal, counsel, who also represented the defendant in the District Court, raises four issues which he frames in question form as follows:

> 1. Whether the trial court erred by failing to give a requested jury instruction on fleeting possession.
>
> 2. Whether the trial court erred by allowing *de facto* expert testimony regarding fingerprinting.
>
> 3. Whether the trial court erred by denying the Defendant's Motion in Limine to exclude evidence of drug possession and paraphernalia.
>
> 4. Whether the trial court erred by enhancing the Defendant's offense level pursuant to U.S.S.G. 3C1.1.

## I. Instruction on "Fleeting Possession"

The District Court refused to give the jury one of counsel's tendered instructions which stated, *inter alia*, that "momentary or transitory control of an object is not possession," and that "you should not find that the defendant possessed the object if he possessed it only momentarily, or did not know that he possessed it." The District Court refused to give that instruction to the jury, stating that it did not "fit" the facts in the instant case and that the jury had in other

instructions been instructed that "possession of a firearm" means "knowing possession."

In general connection with the foregoing, in *United States v. Adkins*, 196 F.3d 1112, 1115 (10th Cir. 1999), we spoke as follows:

> Thus, even if a felon held a firearm for a mere second or two, unless that felon truly did not know that what he possessed was a firearm or there was some recognized legal justification for his holding the firearm, § 922(g) will still impose criminal liability. If, however, a felon who momentarily possessed a firearm genuinely lacked knowledge that he possessed a firearm or had a legally justifiable reason for possessing it, the fleeting possession theory would apply because the government would have failed in its burden of proving intent. Therefore, the court need only give a fleeting possession instruction when the evidence at trial supports a possible finding that the defendant only momentarily possessed the contraband, and in so doing, lacked either knowledge he possessed contraband or criminal intent to possess it.

Further, by way of general background, in *United States v. Baker*, 508 F.3d 1321, 1326 n.2 (10th Cir. 2007), we stated that this Circuit had never explicitly recognized a "fleeting possession" defense, which requires proof that the defendant "(1) merely momentarily possessed the contraband, and (2) either lacked knowledge that he possessed contraband or had a legally justifiable reason to possess it temporally." We need not reach that issue in the present case, since, in our view, even if this Circuit recognized the defense of "fleeting possession," the facts of the present case would not necessitate giving the "fleeting possession instruction." Defendant's "possession" was <u>not</u> "fleeting."

-4-

Accepting the defendant's testimony, the defendant, carrying his backpack containing the firearm, exited the apartment which he shared with his girlfriend and then proceeded to exit the apartment building itself. He proceeded through the apartment complex parking lots to a business parking lot where he was seen by a police officer who knew that there was an outstanding warrant for defendant's arrest. Moments later, he was confronted by the officer, whereupon the defendant fled, and in the process, threw off his backpack. That sequence would not require an instruction on "fleeting possession." As said, it was not "fleeting." See the recent case of *United States v. Turner*, 553 F.3d 1337 (10th Cir. Jan. 26, 2009).

## II. Fingerprint Testimony

Apparently, the firearm found in defendant's backpack bore no fingerprints. To counteract any favorable inference that could be made by the absence of fingerprints on the firearm found in defendant's backpack, the Government proposed to call as its witness in its case-in-chief, an ATF agent who would testify that in his 23 years of experience as a ATF agent involving a thousand or so cases it was difficult to discover or obtain fingerprints from a firearm. Prior to trial, the District Court ruled that such testimony would be allowed at trial providing the jury was instructed that he was not being qualified as an "expert witness," but only was drawing on his considerable experience. *See* Fed. R. Evid. § 701. On appeal, defendant argues that such was reversible error. We disagree. The agent's testimony made clear that he was not a fingerprint expert, and was testifying only

from his personal experience.

### III. Motion in Limine

As stated, the firearm and ammunition were found in a shaving kit in the defendant's backpack, and drug paraphernalia and drugs were also found in the backpack. Prior to trial, defendant filed a motion in limine to exclude evidence at trial that drug paraphernalia and drugs were found in his backpack, arguing that such was inadmissible under Fed. R. Evid. §§403 and 404(b). The district court deferred ruling on that matter until trial. However, at trial the district court allowed the United States to introduce, under Fed. R. Evid. §§403 and 401, in its rebuttal case, evidence that drug paraphernalia and drugs were found in defendant's backpack. In our view, the district court did not err in admitting into evidence the fact that defendant's backpack contained, in addition to the firearm, and ammunition, drug paraphernalia and a small amount of drugs. Indeed such was part of the *res gestae*. *See United States v. Kimball*, 73 F.3d 269, 272 (10th Cir. 1995); *United States v. Cook*, 745 F.2d 1311, 1317 (10th Cir. 1984), and our more recent unpublished opinion in *United States v. Clark*, 258 Fed. App'x. 208, 2007 WL 4290497 (10th Cir. 2007). The testimony that drugs and drug paraphernalia were also found in the backpack arguably supports the Government's theory of the case, that the defendant carried the firearm to "protect" his small drug trafficking business.

IV.  Sentence Enhancement

U.S.S.G. 3C1.1 provides that if a defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice ... increase the offense level by 2 levels."

Pursuant to U.S.S.G. 3C1.1 the district court increased defendant's offense level by two levels, and on appeal, counsel asserts that such was reversible error. We disagree.

At the outset, the fact that the jury acquitted the defendant on the charge of unlawfully possessing ammunition does not preclude a raising of the defendant's offense level under U.S.S.G. 3C1.1.  *United States v. Powell*, 469 U.S. 57, 65 (1986).  The district court made specific and detailed findings that the defendant testified falsely at his trial and the record amply supports that finding.

Judgment affirmed.

ENTERED FOR THE COURT

Robert H. McWilliams
Senior Circuit Judge