[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14757
Non-Argument Calendar

_____

D.C. Docket No. 6:17-cv-00436-CEM-DCI

MICHAEL J. WRIGHT,

Plaintiff-Appellant,

versus

MARIO CARDENAS,
IAN DOWNING,
FELIX ECHEVARRIA,
BRANDON LAYNE,
MICHAEL B. STRICKLAND, et al.,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(June 30, 2020)

Before JORDAN, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Michael Wright, proceeding *pro se*, sued the City of Kissimmee and several of its police officers under 42 U.S.C. § 1983.  He alleged a number of constitutional violations related to his arrest in 2014.

As relevant here, the district court granted summary judgment in favor of the City on Mr. Wright's Fourth Amendment excessive force claim.  This is Mr. Wright's appeal as to that claim.  For the following reasons, we affirm.[1]

First, the district court did not err in permitting the City to amend its pre-trial statement, which contained a scrivener's error.  In the pre-trial statement, the City said that it "denie[d] that its law enforcement used reasonable force during . . . the arrest," but the word "reasonable" should have been "unreasonable."  A district court may allow a party to amend a pre-trial order, *see Sherman v. United States*, 462 F.2d 577, 579 (5th Cir. 1977), or a pre-trial statement, *see Cruz v. U.S. Lines Co.*, 386 F.2d 803, 804 (2d Cir. 1967), and here there was no abuse of discretion.  The City notified the district court of the error just five days after the filing of the pre-trial statement, and each of the City's other filings denied wrongdoing.  Mr. Wright was therefore not unfairly prejudiced by the amendment.  *Cf. Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1264–67 (11th Cir. 2002) (holding, in a § 1983 case, that the district

---

[1] We assume the parties' familiarity with the record and set out only what is necessary to explain our decision.  As to any issues not specifically discussed, we summarily affirm.

2

court should have permitted a municipality to withdraw its admission on the issue of custom/policy).

Second, we reject Mr. Wright's argument that the district court erred by relying on the reports of the police officers with respect to the force used and the reason force was necessary. The reason is that Mr. Wright expressly sued the officers only in their official capacities. *See* D.E. 157 at 2 ("this complaint is brought against all defendants in their **official capacity**") (emphasis in original). An official-capacity suit against a police officer or government official is a suit against the officer's employer—the government entity—so here the Fourth Amendment excessive force claims against the officers were municipal liability claims against the City. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

To hold the City liable for any excessive force used by its officers, Mr. Wright had to show that a custom, policy, or practice of the City caused the violations. *See, e.g.*, *Hoefling v. City of Miami*, 811 F.3d 1271, 1279 (11th Cir. 2016). As the district court correctly explained, Mr. Wright did not present any evidence of a City custom, policy, or practice that caused the alleged excessive force. *See* D.E. 255 at 6–7. So there is no basis for municipal liability even if any of the officers used excessive force.[2]

**AFFIRMED.**

---

[2] Stated differently, the district court's consideration of the reports is at most harmless error.

3