**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 13 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CARLOS ROMERO-ROJO, also
known as Jose Ruiz-Lopez, also
known as Carlos Leal-Romero, also
known as Claudio Ceniceros-Peralta,
also known as Miguel Ramirez,

Defendant-Appellant.

No. 02-6254

(D.C. No. CR-01-0201-T)

(W.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

---

Defendant Carlos Romero-Rojo appeals his conviction for illegal reentry of

a deported alien in violation of 8 U.S.C. § 1326. Defense counsel has filed an

*Anders* brief indicating his belief that the record contains no non-frivolous issues

---

*After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

for appeal, and moves for leave to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). Consistent with the procedure set forth in *Anders*, Defendant has filed a pro se supplemental brief arguing that his conviction must be reversed because (1) the district court admitted a prejudicial photograph of Defendant, and (2) the government presented "tampered and altered" documents at trial. We ordered defense counsel to submit a brief addressing Defendant's contentions. Counsel has submitted a wholly inadequate brief, reiterating his belief that the appeal is frivolous. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm Defendant's conviction and grant counsel's motion to withdraw.

Defendant first challenges the district court's decision to admit an enlargement of a "mug shot" photograph of Defendant in which he is holding a placard that reads "California State Prison." He argues that the photograph was admitted in violation of Fed. R. Evid. 404(b), which "prohibits the government from offering evidence of other crimes, wrongs, or acts to demonstrate the bad character, moral turpitude, or criminal disposition of a defendant to prove he acted in conformity with the prior acts or events." *United States v. Roberts*, 185 F.3d 1125, 1141 (10th Cir. 1999).

The mug shot was part of Defendant's Alien Registration File ("A-file") maintained by the Immigration and Naturalization Service. The district court

admitted the mug shot over defense counsel's objection, for the limited purpose of identifying Defendant as the subject of the A-file. The court informed the jury of this limited purpose, and instructed it to disregard the writing on the photograph (presumably, the words "California State Prison"). In addition to the mug shot, the court admitted other documents from the A-file which tended to establish Defendant's identity (and whose admission Defendant does not challenge on appeal), including two additional photographs of Defendant, and a card containing fingerprints identified at trial to be the fingerprints of Defendant.

"We review a decision to admit evidence under Fed. R. Evid. 404(b) for abuse of discretion." *Id.* If the admission of evidence under the Rule is erroneous, however, we will not disturb Defendant's conviction if the error is harmless. *United States v. Bornfield*, 145 F.3d 1123, 1131 (10th Cir. 1998). Evidence may properly be admitted under Rule 404(b) if four conditions are satisfied: "(1) the evidence was offered for a proper purpose under Fed. R. Evid. 404(b); (2) the evidence was relevant under Fed. R. Evid. 401; (3) the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice under Fed. R. Evid. 403; and (4) the district court, upon request, instructed the jury pursuant to Fed. R. Evid. 105 to consider the evidence only for the purpose for which it was admitted." *United States v. Becker*, 230 F.3d 1224, 1232 (10th Cir. 2000).

We have grave doubts about the admissibility of the photograph. Specifically, we are concerned about whether the third *Becker* factor—whether "the probative value of the evidence was not substantially outweighed by its potential for unfair prejudice"—was satisfied in this case. The admission of a defendant's mug shot carries with it a particularly acute danger of unfair prejudice, because it can "unmistakably convey to the jury the information that [the] defendant is a convicted criminal . . . ." *United States v. Taylor*, 605 F.2d 1177, 1179 (10th Cir. 1979) (distinguishing the evidence at issue in that case from the prejudice inherent in the admission of a mug shot); *see also, e.g.,* *United States v. Hines*, 955 F.2d 1449, 1455 (11th Cir. 1992) ("[M]ugshots carry a clear implication of criminal activity that breaches the rule against admitting evidence of the defendant's bad character or previous brushes with the law."). In light of this potential for unfair prejudice, the mug shot needed to be particularly probative for its admission to have been proper. But the probative value of the mug shot was minuscule, given the purpose for which it was admitted (identification of Defendant) and the other evidence admitted from the A-file that clearly established Defendant's identity—in particular, Defendant's fingerprints. *See Old Chief v. United States*, 519 U.S. 172, 184 (1997) (whether the danger of unfair prejudice outweighs the probative value of a piece of evidence must be made "in view of the availability of other means of proof" (internal quotation marks omitted)).

Nevertheless, we need not resolve the admissibility issue, because we conclude that any error was harmless. "An erroneous admission of evidence is harmless unless it had a substantial influence on the outcome or leaves one in grave doubt as to whether it had such effect." *Bornfield*, 145 F.3d at 1131 (internal quotation marks omitted). Here, the evidence of guilt was overwhelming. To obtain a conviction under 8 U.S.C. § 1326 for illegal reentry after deportation, the government needed to prove only that Defendant "(1) is an alien; (2) was previously arrested and deported; (3) was thereafter found in the United States; and (4) lacked the permission of the Attorney General." *United States v. Anaya*, 117 F.3d 447, 449 (10th Cir. 1997). As stated, Defendant's fingerprints linked him to the A-file. And the A-file contained documents, explained by government witnesses at trial, that incontrovertibly established each of the elements necessary to convict Defendant under § 1326. These included (1) a 1996 deportation order in Defendant's name; (2) a "Warrant of Removal/Deportation" indicating that Defendant had, in fact, been deported; (3) a document stating that Defendant had not sought permission from the Attorney General to reenter the United States; and (4) a document, apparently signed by Defendant during a meeting with an immigration official, in which Defendant admitted to being in the country illegally and requested to be returned to his home country as quickly as possible. In light of this overwhelming evidence, we conclude that the mug shot did not have a "substantial influence on

the outcome" nor would a reasonable person have "grave doubt as to whether it had [a substantial] effect" on the trial. *Bornfield*, 145 F.3d at 1131; *see United States v. Hardwell*, 80 F.3d 1471, 1491 (10th Cir. 1996) ("[B]ecause the evidence against [the defendant] was overwhelming . . . , if admission of this challenged Rule 404(b) evidence was error, it was harmless error.").

Defendant's final complaint is that the government presented "tampered and altered" documents at trial. The basis for this claim is not entirely clear. Moreover, because Defendant did not object at trial to the validity of the documents, our review is for plain error. *See United States v. Castorena-Jaime*, 285 F.3d 916, 926 (10th Cir. 2002). Whether the documents had been tampered with or altered is a factual dispute which does not rise to the level of plain error. *See id.* at 926-27 ("This court has held repeatedly that factual disputes not brought to the attention of the court do not rise to the level of plain error." (internal quotation marks omitted)).

Accordingly, we AFFIRM the judgment of the district court and GRANT counsel's motion to withdraw. The clerk of the court is hereby directed to issue an order requiring appellant's counsel, Rand C. Eddy, to show cause why he should not be removed from the roster of attorneys eligible for appointment as court-appointed counsel.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge