12-1030-cr
United States v. Wade

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of February, two thousand thirteen.

PRESENT:   PIERRE N. LEVAL,
           REENA RAGGI,
                      *Circuit Judges*,
           KENNETH M. KARAS,
                      *District Judge*.[*]

------------------------------------------------------------------------------------

UNITED STATES OF AMERICA,
                      *Appellee*,

          v.                                      No. 12-1030-cr

JULIAN V. WADE, AKA JULIAN WADE,
                      *Defendant-Appellant*.

------------------------------------------------------------------------------------


APPEARING FOR APPELLANT:        PATRICK J. BROWN, LoTempio & Brown, P.C., Buffalo, New York.

APPEARING FOR APPELLEE:         JOSEPH J. KARASZEWSKI, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

---

[*]   The Honorable Kenneth M. Karas, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 13, 2012, is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED for further proceedings.

Defendant Julian Wade appeals from a judgment of conviction, following a jury trial, for possession with intent to distribute five grams or more of cocaine base, see 21 U.S.C. § 841(a)(1), (b)(1)(B); possession of more than five grams of cocaine base, see id. § 844(a); possession of a firearm during and in relation to the foregoing drug crimes, see 18 U.S.C. § 924(c); and possession of a firearm and ammunition by a felon, see id. § 922(g)(1). Wade contends that (1) exclusion of certain evidence violated his constitutional right to present a defense; (2) the government's DNA expert testified to inaccurate conclusions; (3) evidence of his use of rental cars and his minimal income was erroneously admitted; (4) trial counsel was constitutionally ineffective; and (5) the district court failed to sentence Wade in accordance with the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010) ("FSA"). The government agrees that the last of these grounds requires a limited remand for resentencing but urges rejection of all other defense arguments. We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm in part and vacate in part.

2

1.    <u>Constitutional Right To Present a Defense</u>

Wade argues that he was denied his constitutional right to present a defense by the district court's refusal to allow Police Officer Jason Mayhook to testify that on December 3, 2009 Christian Armstead was arrested for selling drugs out of the downstairs mailbox in the apartment building in which Charmaine Taliaferro, who was Armstead's sister and Wade's girlfriend, lived. Wade argues that Mayhook's testimony would have supported his defense that the drugs and firearm found under a mattress in Taliaferro's bedroom on May 11, 2009—shortly after Wade left the premises—belonged to Armstead, rather than to Wade. At oral argument, Wade for the first time contended that the district court should have permitted him to introduce records of Armstead's conviction.

"A defendant's right to present relevant evidence is not . . . unlimited; rather it is subject to reasonable restrictions." <u>Wade v. Mantello</u>, 333 F.3d 51, 58 (2d. Cir. 2003) (internal quotation marks omitted). Courts may properly exclude evidence of third-party culpability "when, under the facts and circumstances of the individual case, its exclusion [would not] deprive[] the defendant of a fair trial." <u>Id.</u> (internal quotation marks omitted).

Here, the district court reasonably excluded Mayhook's testimony about Armstead's arrest because: (1) Armstead's December 3, 2009 sale of drugs from a mailbox was not temporally or physically linked to the May 11, 2009 drug and firearm seizures from Taliaferro's apartment that were contemporaneous with Wade's arrest; and (2) his testimony presented a risk of juror confusion and extended litigation of a collateral matter. <u>See</u> Fed. R. Evid. 403; <u>Wade v. Mantello</u>, 333 F.3d at 60 (holding testimony supporting theory of

3

third-party culpability properly excluded because "marginal relevance was outweighed by dangers of prejudice and confusion"); United States v. Aboumoussallem, 726 F.2d 906, 912 (2d Cir. 1984) (upholding exclusion of defense-proffered testimony to avoid "trial within a trial"). Moreover, Wade was not prejudiced by this particular exclusion because, so far as the record reveals, he remained able to present equally useful evidence supporting his theory of Armstead's responsibility for the drugs and firearm seized in Taliaferro's apartment through other means, including examination of Taliaferro. See Washington v. Schriver, 255 F.3d 45, 61 (2d Cir. 2001) (permitting exclusion of expert testimony in light of "myriad ways," including cross-examination, through which theory of defense was presented to jury).[1]

---

[1] Wade also claims that the district court violated the law-of-the-case doctrine by excluding Mayhook's testimony at trial, after ruling pre-trial that the testimony would be admitted. But this court has held that a pre-trial evidentiary ruling is not a "straitjacket" that cannot be revisited in appropriate instances. Cruz v. U.S. Lines Co., 386 F.2d 803, 804 (2d Cir. 1967); see Fed. R. Evid. 103 advisory committee's note ("Even where the court's [pre-trial] ruling is definitive, nothing in the amendment prohibits the court from revisiting its decision when the evidence is to be offered."). In particular, even assuming there is some outer limit on a district court's discretion to revisit evidentiary rulings, it is clear that pre-trial evidentiary rulings may be revisited were no prejudice accrues to the party that had previously thought it had secured a favorable ruling from the district court. See United States v. Birney, 686 F.2d 102, 107 (2d Cir. 1982) (noting that "the only limitation placed upon a trial judge's decision to disregard a previous ruling . . . is that prejudice not ensue to the party seeking the benefit of the [law-of-the-case] doctrine."); cf. Prisco v. A&D Carting Corp., 168 F.3d 593, 607 (2d Cir. 1999) (holding that a district court's reversal before trial on an issue of law was acceptable where the record "plainly establish[ed] that [the party seeking the benefit of the law-of-the-case doctrine] was not in fact prejudiced by the district court's turnaround.").

Here, though Wade makes vague reference on appeal to the fact that his strategy during plea negotiations or trial was influenced by the district court's pre-trial ruling regarding Mayhook's testimony, there is nothing in the record that shows how Wade could have been actually prejudiced in a way that was related specifically to the district court's reversal of course. Indeed, as explained above, we conclude that Wade in fact was not

Insofar as Wade now argues that the district court erred in excluding records of Armstead's conviction for the aforementioned drug sale, we deem that argument abandoned, because Wade raised it for the first time at oral argument. See United States v. Greer, 285 F.3d 158, 170 (2d Cir. 2000) (holding that failure to include argument in appellate brief waives argument on appeal).

In any event, even assuming these rulings were constitutional errors, the errors were harmless in light of DNA evidence presented at trial tying Wade to the firearm seized from Taliaferro's bedroom, which was found lying next to the seized drugs. United States v. Reifler, 446 F.3d 65, 87 (2d Cir. 2006) ("In order to disregard an error of constitutional dimension, we must be convinced that the error was harmless beyond a reasonable doubt.").

Accordingly, because Wade was not denied a fair trial, we reject this argument as meritless.

2.     Expert DNA Testimony

Wade argues for the first time on appeal that it was error to allow government DNA expert Thomas Grill to testify at trial. Ordinarily, we review a district court's decision to admit or exclude expert testimony for abuse of discretion. See United States v. Williams, 506 F.3d 151, 159–60 (2d Cir. 2007). But where, as here, no objection was raised at trial, a defendant bears the even heavier burden of showing plain error, which Wade cannot . See Puckett v. United States, 556 U.S. 129, 135 (2009) (observing that, under plain error review,

_____

prejudiced by the district court's reversal, because Wade was still allowed to present his theory of third-party culpability through other means.

5

defendant must show (1) error, (2) that is clear or obvious, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings); accord United States v. Zangari, 677 F.3d 86, 95 (2d Cir. 2012).

Wade complains that Grill's testimony linking Wade to the seized firearm, together with the prosecution's summation, impermissibly put before the jury the "prosecutor's fallacy," i.e., "the assumption that the random match probability is the same as the probability that the defendant was not the source of the DNA sample." McDaniel v. Brown, 558 U.S. 120, 130 S. Ct. 665, 670 (2010).

> In other words, if a juror is told the probability a member of the general population would share the same DNA is 1 in 10,000 (random match probability), and he takes that to mean there is only a 1 in 10,000 chance that someone other than the defendant is the source of the DNA found at the crime scene (source probability), then he has succumbed to the prosecutor's fallacy.

Id. "It is further error to equate source probability with probability of guilt . . . ." Id. "This faulty reasoning may result in an erroneous statement that, based on a random match probability of 1 in 10,000, there is a .01% chance the defendant is innocent or a 99.99% chance the defendant is guilty." Id.

Here, Grill stated that 1 in 56,400 people could be a contributor to the DNA profile found on the gun; thus, more than 99.9% of the U.S. population was excluded as a match. Significantly, Grill never stated that this statistic equaled the probability that Wade was the source of the DNA, nor did he suggest that it equaled the probability of Wade's guilt. Nor did the prosecutor make any such statements in commenting on Grill's testimony during summation. To the contrary, although he argued that Wade's DNA was on the gun, the

6

prosecutor correctly stated that Grill "gave a population statistic . . . that excludes 99.998 percent of the population." J.A.158. Because this presentation of the evidence satisfactorily avoided the concerns identified in McDaniel v. Brown, we identify no error, let alone plain error.

The same conclusion obtains with respect to Wade's unpreserved contention that Grill exceeded his expertise in testifying that Wade had handled the gun. On cross-examination, Grill clarified that he was not testifying that Wade had ever touched the gun. This clarification negates Wade's contention that any misconception arising from Grill's direct testimony violated substantial rights or seriously affected the fairness, integrity, or public reputation of the judicial proceedings. See Puckett v. United States, 556 U.S. at 135. That conclusion is reinforced by Wade's failure to contest on appeal that the DNA evidence on the gun matched his DNA profile—a match that, by itself, constitutes powerful proof of guilt. See McDaniel v. Brown, 558 U.S. at 673.

3.    Admissibility of Car Rental and Income Evidence

We review Wade's challenge to the admission of car rental and income evidence only for abuse of discretion, which is not evident here. See United States v. Curley, 639 F.3d 50, 56 (2d Cir. 2011); see also Crane v. Kentucky, 476 U.S. 683, 689 (1986) (recognizing "wide latitude" afforded trial court's ordinary evidentiary rulings). Consistent with this circuit's inclusionary approach, a district court may admit such evidence as long as it "does not serve the sole purpose of showing the defendant's bad character and . . . is neither overly prejudicial under [Fed. R. Evid.] 403 nor irrelevant under [Fed. R. Evid.] 402." United States

7

v. Curley, 639 F.3d at 56. In light of expert testimony that drug dealers often rent cars to avoid police detection, Wade's frequent use of rental cars despite his minimal recorded income was relevant. Nor can Wade show prejudice on appeal simply by positing possible innocent purposes for such use. See United States v. MacPherson, 424 F.3d 183, 190 (2d Cir. 2005) (stating that "it is the task of the jury, not the court, to choose among competing inferences" of guilt and innocence that can be drawn from evidence (internal quotation marks omitted)).

4.      Ineffective Assistance of Counsel

Wade claims that his trial counsel was ineffective for failing to call a DNA expert at trial to refute Grill's testimony. The decision appears to have been strategic, rather than negligent, in light of trial counsel's identification of a DNA expert on his pre-trial witness list. Nevertheless, because Wade's claim cannot be assessed without additional evidence regarding trial counsel's decision, we decline to review the claim on direct appeal, leaving Wade to pursue it, if he so chooses, through the more appropriate vehicle of a petition pursuant to 28 U.S.C. § 2255. See Massaro v. United States, 538 U.S. 500, 504–05 (2003); accord United States v. Morris, 350 F.3d 32, 39 (2d Cir. 2003).

5.      Fair Sentencing Act

The parties agree that this case must be remanded for resentencing to afford Wade the benefits of the FSA's reduced mandatory minimums on Counts 1 and 2 of the indictment. See Dorsey v. United States, 132 S.Ct. 2321, 2335 (2012); United States v. Highsmith, 688 F.3d 74, 77 (2d Cir. 2012). We agree and, therefore, vacate Wade's sentences on Counts 1

and 2 and remand for the limited purpose of resentencing on those counts pursuant to the FSA.

We have considered Wade's remaining arguments and conclude that they are without merit. The judgment of the district court is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court