13-3520-cr
United States v. Wade

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand fourteen.

PRESENT:
   PIERRE N. LEVAL,
   GERARD E. LYNCH,
   CHRISTOPHER F. DRONEY,
    *Circuit Judges.*
_____

UNITED STATES OF AMERICA,

    *Appellee*,

   v.          No. 13-3520-cr

JULIAN V. WADE,

    *Defendant-Appellant*.
_____


FOR APPELLANT:   Patrick J. Brown, LoTempio & Brown, Buffalo, NY.

FOR APPELLEE:   Stephan J. Baczynski, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Chief Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment is AFFIRMED.

On December 21, 2010, defendant-appellant Julian Wade was found guilty of: possessing with intent to distribute five grams or more of cocaine base, see 21 U.S.C. § 841(a)(1), (b)(1)(B) ("Count 1"); possessing more than five grams of cocaine base, see id. § 844(a) ("Count 2"); possessing a firearm during and in relation to the foregoing drug crimes, see 18 U.S.C. § 924(c) ("Count 3"); and possessing a firearm and ammunition as a convicted felon, see id. § 922(g)(1) ("Count 4").  On March 7, 2012, Wade was sentenced principally to 120 months' imprisonment on Count 1; 60 months' imprisonment on Count 2, to run concurrently with Count 1; 60 months' imprisonment on Count 3, to run consecutively to Count 1; and 60 months' imprisonment on Count 4, to run concurrently with Count 1.

Wade appealed his conviction and sentence, asserting a number of trial errors and contending that his sentence did not accord with the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010) ("FSA").  We agreed that his sentence did not accord with the FSA but rejected his remaining arguments, and therefore "vacate[d] Wade's sentences on Counts 1 and 2 and remand[ed] for the limited purpose of resentencing on those counts pursuant to the FSA."  United States v. Wade, 512 Fed. App'x 11, 16 (2d Cir. 2013).

On remand, Wade moved pursuant to Fed. R. Cr. P. 33 for a new trial based on newly discovered evidence, because the Erie County forensics laboratory that analyzed DNA evidence in his case had subsequently changed its reporting thresholds such that the number of persons who could not be excluded as the source of the DNA was reduced from 1 in 56,400 to 1 in 170. The district court denied Wade's motion on the grounds that the revised threshold did not constitute new evidence and would not be likely to result in an acquittal. At the resentencing, Wade argued that – despite the limited remand – he should be resentenced on Count 4 as well as Counts 1 and 2, because "the reversal [on Counts 1 and 2] effectively undoes the entire knot of calculation." United States v. Quintieri, 306 F.3d 1217, 1228 (2d Cir. 2002). The court sentenced Wade to 60 months' imprisonment on Count 1 and 24 months imprisonment on Count 2, to run concurrently with Count 1, leaving in place the 60-month consecutive sentence on Count 3. Based on these sentences, the court determined it did not need to reconsider the 60-month concurrent sentence for Count 4.

In this appeal, Wade argues that the district court erred in: (1) denying his Rule 33 motion for a new trial; and (2) failing to resentence him on Count 4. We assume the parties' familiarity with the facts and procedural history, which we reference only as necessary to explain our decision.

1.    Rule 33 Motion

A defendant seeking a new trial on the basis of newly discovered evidence must show: (1) "the evidence [is] newly discovered after trial"; (2) "due diligence . . . to obtain

3

the evidence" prior to trial; (3) the "evidence is material"; (4) the evidence "is not merely cumulative or impeaching"; and (5) "the evidence would likely result in an acquittal." United States v. Owen, 500 F.3d 83, 88 (2d Cir. 2007). "[A] district court must exercise great caution in determining whether to grant a retrial on the ground of newly discovered evidence, and may grant the motion only in the most extraordinary circumstances." United States v. Spencer, 4 F.3d 115, 118 (2d Cir. 1993) (internal quotation marks omitted). "We review a district court's denial of a Rule 33 motion deferentially and will reverse only for abuse of discretion." United States v. Snype, 441 F.3d 119, 140 (2d Cir. 2006).

Here, the district court correctly concluded that the Erie County laboratory's subsequently revised threshold did not warrant a new trial. On cross-examination at trial, Wade's attorney had elicited from the laboratory's forensics expert that the 1 in 56,400 figure was based on a threshold that was "subjective to the laboratory." See United States v. Wade, 1:09-cr-00260, Doc. 121 at 177. The expert acknowledged that "a laboratory in [another city] may have a higher threshold" and that the "[s]ame is true with every other laboratory in the country." Id. at 176-77. Thus, it was clear at the time of Wade's trial that the number of people that could be excluded as a DNA match depended on a threshold that was "subjective" rather than scientifically precise, and that varied among laboratories. That remains so whether the alternative threshold was one used by a different laboratory at the time of Wade's trial, or one subsequently used by the Erie County laboratory.

4

Given the other evidence – which included evidence that the gun and drugs had been found under the mattress shared by Wade and his girlfriend, and that the DNA was definitely not from the girlfriend – and the jury's awareness that the threshold was subjective, we find no abuse of discretion in the district court's conclusion that evidence of the revised threshold was not likely to result in an acquittal. "[H]aving presided over the trial, the [district court] is in a better position to decide what effect the newly discovered materials might have had on the jury." United States v. Gambino, 59 F.3d 353, 364 (2d Cir.1995).

### 2. Resentencing on Count 4

While "resentencing should be limited when the Court of Appeals upholds the underlying convictions but determines that a sentence has been erroneously imposed and remands to correct that error[,] . . . there may be circumstances when we reverse a sentence in which the 'spirit of the mandate' requires de novo sentencing, for example when the reversal effectively undoes the entire 'knot of calculation.'" Quintieri, 306 F.3d at 1228 (emphasis omitted). This may occur when "a sentencing determination had no practical effect on a defendant's sentence at the original sentencing but becomes relevant only after appellate review," in which case "a defendant is free to challenge that sentencing determination" even on a limited remand. Id. at 1229-30.

Wade argues that by not resentencing him on Count 4, the court erroneously allowed "the sentence on [C]ount 4 [to] control[] the sentencing range on [C]ount 1 by effectively creating a 60 month minimum sentence." Appellant's Br. at 19. This

5

misconstrues the order in which the district court approached Wade's resentencing.  The court first determined that 60 months was the appropriate sentence on Count 1, while clearly understanding it had the authority to impose a lesser sentence.  It then concluded that, as the 60-month sentence on Count 4 would run concurrently with the 60-month sentence on Count 1, there was no need to revisit the sentence on Count 4.  Because the sentence on Count 4 did not affect the overall sentence length on either the original or the revised package of sentences, the reduction of the sentences on Counts 1 and 2 did not "effectively undo[] the entire 'knot of calculation.'" Quintieri, 306 F.3d at 1228.  We therefore conclude that the district court did not err in declining to resentence Wade on Count 4.

We have considered all of Wade's remaining arguments and find them to be without merit.  Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6